**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

―――――――――――――

No. 05-10995
Summary Calendar

―――――――――――――

In The Matter Of: TIC UNITED CORP.

                                        Debtor

-----------------------------------------------------------------------

MITCHELL G. WILLIS

                                    Appellant

                    versus

JOHN H. LITZLER, Chapter 7 Trustee

                                    Appellee

―――――――――――――――――――――――――――――――――――――

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 3:05-CV-557)

_____

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

―――――――――――――――

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

We affirm for the following reasons:

1. Willis argues that the bankruptcy court lacked subject matter jurisdiction. We disagree. Willis' state court lawsuit was related to the bankruptcy case because "the outcome of that proceeding could conceivably have [an] effect on the estate being administered in bankruptcy." *In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999). Willis' state law tort claims can affect the debtor's bankruptcy estate by decreasing the amount of available assets, i.e., the letter of credit or the cash, if the stay is lifted and litigation pursued. Accordingly, the bankruptcy court had jurisdiction to issue the ADR order.

2. Willis also argues that his due process rights were violated because he did not receive notice of the hearing on the trustee's ADR motion. We disagree. While notice was sent to Willis, it was originally sent to the wrong address. However, after entry of the bankruptcy court's ADR order, Willis was properly served with a "Notice of Order Granting Trustee's Motion For Approval of Mandatory Alternative Dispute Resolution Procedure." This notice was sent twice to the correct address. Accordingly, Willis was aware of the trustee's ADR motion and the bankruptcy court's ADR order for over seven months prior to filing his Rule 60(b) motion. Further, while Willis did not have notice prior to the hearing on the trustee's ADR motion, the other 200 or so similarly situated claimants did. They appeared at the hearing and made the same arguments that Willis would have made. Accordingly, remanding this case back to the bankruptcy court would be futile.

3. Willis argues that the trustee failed to meet his burden to obtain an

injunction against Willis' state court proceeding. He also contends that he is entitled to an adversary proceeding pursuant to Bankruptcy Rule 7001. The problem with these contentions is that the bankruptcy court never enjoined Willis' state court proceeding. Rather, the bankruptcy court's ADR order recognized that the debtor's bankruptcy petition gave rise to an automatic stay and required litigants with claims against the debtor's estate to make a good faith effort to resolve their disputes through the ADR process before the court would consider a motion for relief from the automatic stay. There is no injunction. Like the other 200 or so similarly situated claimants, Willis must simply make a good faith effort to settle his dispute before the stay will be lifted.

4.      Willis argues that the ADR order would require him to commit perjury. This argument is baseless and, moreover, was never raised in the district court, and therefore, waived.

AFFIRMED.